

**ORIGINAL**
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 27 2008

JAMES H. HATTEN, CLERK
By: J. Bowers, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALANDA VILLAFANE,

    Plaintiff,

v.

GC SERVICES LIMITED
PARTNERSHIP, a Delaware
partnership,

    Defendant.

CIVIL ACTION FILE

NO. 1-08-CV-0666-GET

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant, GC SERVICES LIMITED PARTNERSHIP, is a partnership formed under the laws of the State of Delaware with it's principle place of business in Texas. [Hereinafter, said Defendant is referred to as "GC SERVICES."]

6. GC SERVICES is subject to the jurisdiction and venue of this Court.

7. GC SERVICES may be served by personal service upon its registered agent in Georgia to wit: C T Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia, 30361.

8. Alternatively, GC SERVICES may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia, Texas or Delaware.

## FACTS COMMON TO ALL CAUSES

9. GC SERVICES uses the mails in its business.

10. GC SERVICES uses telephone communications in its business.

11. The principle purpose of GC SERVICES's business is the collection of debts.

12. GC SERVICES regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

13. GC SERVICES is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, GC SERVICES communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

15. In or around January, 2008, a GC SERVICES left a series of recorded voice messages for Plaintiff requesting a return call.

16. In the January, 2008 phone messages, the caller did not state the company he worked for.

17. In the January, 2008 phone messages, the caller did not state that the communication was from a debt collector.

18. In the January, 2008 phone messages, the caller did not state that the communication was an attempt to collect a debt.

19. The January, 2008 messages were purportedly about an "important" matter.

20. Defendant has left other similar messages with Plaintiff.

21. One or more of the defendants calls were placed from Texas.

22. Defendant's communications violate the Texas Finance Code governing collector conduct.

23. Defendant's communications violate the Fair Debt Collection Practices Act.

24. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

25. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

26. Defendant's violations of the FDCPA include, but are not limited to, the following:

27. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

28. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

29. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

30. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: TEXAS FINANCE CODE

31. Defendant's violations of the Texas Finance Code include, but are not limited to, the following:

32. Failing to state in the recorded telephone messages that each of the communications was an attempt to collect a debt and that any information obtained would be used for that purpose in violation of Texas Finance Code, § 392.304(5)(A);

33. Failing to state in the recorded telephone messages that the communication was from a debt collector, in violation of Texas Finance Code, § 392.304(5)(B); and

34. Using any false representation or deceptive means to collect a debt, in violation of the Texas Finance Code, § 392.304(19).

35. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d)      That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
jimfeagle@aol.com